**YONG CHANG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5766–ag.**

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

David Z. Su, Monterey Park, CA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Jonathan Robbins, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Chang Chen, a native and citizen of the People's Republic of China, seeks review of a November 28, 2007 order of the BIA affirming the February 8, 2006 decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Chang Chen*, No. A77 317 111 (B.I.A. Nov. 28, 2007), *aff'g* No. A77 317 111 (Immigr. Ct. N.Y. City Feb. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When "the BIA adopts the decision of the IJ and ... supplements the IJ's decision, ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v.*

*Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). "We review *de novo* questions of law and the application of law to undisputed fact." *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the BIA did not err in finding that Chen failed to establish his eligibility for the relief he sought. The Attorney General has recently determined that spouses are not entitled to asylum based solely on a partner's alleged forced sterilization. *See In re J–S–,* 24 I. & N. Dec. 520, 523–24 (A.G.2008). Rather, in order to establish eligibility for relief on family planning grounds, a spouse must demonstrate past persecution based on his own "other resistance" to a coercive population control program or a well-founded fear that he will be subject to persecution for such "resistance." *Id.* at 537–38.

While Chen's alleged confrontation with family planning officials likely constituted "resistance" to a coercive population control program, he fails to show that he suffered past persecution or that he has a well-founded fear of future persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42); *In re J–S–,* 24 I. & N. Dec. at 537–38. Although Chen describes being "pushed around" before and during his one-night detention, he does not argue how such treatment rises to the level of persecution. Absent such an argument, we find no error in the BIA's decision. *Cf. Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Moreover, Chen fails to argue how the fine he fears will be imposed gives rise to a well-founded fear of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 69–70 (2d Cir.2002). Thus, we find no reason to disturb the agency's decision.

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

Finally, because Chen fails to argue in his brief to this Court that he is eligible for CAT relief, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.